NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-CV-00266-JBC

ROBERT A. WOOTON                                                                                  PLAINTIFF

VS:                           **MEMORANDUM OPINION AND ORDER**

KEVIN CORMAN, et al.                                                                         DEFENDANTS

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Robert A. Wooton, a resident of Keene, Kentucky, has submitted a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and a Motion to Proceed *in forma pauperis*. The Complaint is now before the Court for initial screening. 28 U.S.C. §1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). As Plaintiff is appearing *pro se*, his Complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Plaintiff's allegations are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

However, the Court must dismiss a case at any time if it determines the action is frivolous or malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2). This Complaint will be dismissed because the court has determined that it is frivolous.

**ALLEGATIONS AND CLAIMS**

Wooton names Jessamine County Sheriff Kevin Corman, former Jessamine County Sheriff Joe Walker, and the Jessamine County Sheriff's Department as the Defendants. He claims that they have violated his rights under the "1st, 4th, 5th, 6th, 7th, 8th, 9th, 13th, and 14th amendments of the U.S. Constitution and federal wiretap laws and have invaded his personal privacy. His allegations begin as follows:

> The Jessamine County Sheriff Dept has wired taped [sic] both my left and right ears with a wire tap and my nose with a sencer [sic] to control my thought of smell & poss my vocal cords they think they own my body like in the old slave days also tamping [sic] with my mail at the Keene post office they violated the wire tap laws leaking everything to the general public they can put words in my mouth from the wire taps in my ears when I talk by overthrooghing [sic] my power of speech.

Record No. 1 at page 2. This is followed by another two pages of similarly fantastic allegations.

Wooton seeks removal of the defendants from office, removal the wire taps, and an award of punitive damages.

**DISCUSSION**

Whether described as fantastic, delusional, or frivolous, the Plaintiff's allegations are too far from being grounded in reality and facts to proceed. The court must "determine whether . . . [a] complaint makes an arguable legal claim and whether it is based on rational facts." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *See also Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.), *cert. denied*, 498 U.S. 867 (1990). If the complaint "lacks an arguable basis either in law or fact," then it is frivolous. *Neitzke*, 490 U.S. at 325. That is the case here.

The Prison Litigation Reform Act ("PLRA") also compels such a result. 28 U.S.C. §1915(e) provides as follows:

> [T]he court shall dismiss the case at any time if the court determines that--
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. §1915(e)(2).

Because the current Plaintiff has submitted frivolous allegations, his Complaint must be dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Based on the financial information which Wooton has submitted, including a showing that his only income is $750 per month in disability payments, his Motion to Proceed *in forma pauperis*, as amended [Record Nos. 3, 9], is **GRANTED**.

(2) This cause of action is **DISMISSED**.

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

Signed on  October 13, 2009



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY